UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CROSSET COMPANY, LLC,            :      NO. 1:10-CV-00757
                                 :
          Plaintiff,             :
                                 :
     v.                          :      **OPINION AND ORDER**
                                 :
THE CORPORATION FOR PRODUCE      :
DELIVERY d/b/a NATURE's          :
GARDEN DELIVERED, et al.,        :
                                 :
          Defendants.            :


     This matter is before the Court on Plaintiff's Motion for
Default Judgment (doc. 12), to which Defendants filed no response.

     Plaintiff seeks relief against Defendants under Section
5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §
499e(c)("PACA") in the principal amount of $40,005.25, pre-judgment
interest now liquidated at $6,396.13, attorney fees of $12,411.84
for a total of $58,813.22 plus post-judgment interest at the
federal statutory rate pursuant to 28 U.S.C. § 1961 (doc. 12).
Plaintiff contends Defendants are liable as statutory trustees
because they are credit purchasers of wholesale quantities of
produce who are required to hold all inventories of food or other
products derived from produce and all receivables or proceeds of
sale of produce in trust for the benefit of unpaid suppliers like
Plaintiff (Id.).

     Plaintiff moves the Court for default judgment pursuant
to Fed. R. Civ. P. 55, contending it is so entitled because

Defendants were served process via publication and have failed to appear, answer, respond or defend (<u>Id</u>.). The Clerk entered the Defendants' default on August 1, 2001 (doc. 11). Plaintiff's Complaint and the accompanying affidavits evidence its liquidated damages that it is entitled to recover on its PACA claim, including principal, interest, and attorney fees (doc. 1).

Having reviewed this matter, the Court finds Plaintiff's unopposed motion well-taken. Inasmuch as the Clerk has entered an entry of default, the posture of this case is such that the Court can properly enter judgment against Defendants. Fed. R. Civ. P. 55(b)(2). Defendants are in default, they are not defending this action, and entry of default judgment is appropriate. <u>Id</u>. There is no need to set a hearing on damages, because Plaintiff's documents show liquidated damages in the amount of $58,813.22.

Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment (doc. 12), ENTERS Default Judgment against Defendants, and AWARDS Plaintiff $40,005.25, pre-judgment interest now liquidated at $6,396.13, attorney fees of $12,411.84 for a total of $58,813.22 plus post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: September 30, 2011    <u>/s/ S. Arthur Spiegel</u>
S. Arthur Spiegel
United States Senior District Judge

2